```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
```

|  |  |
|---|---|
| SE TECHNOLOGIES, INC., | : |
| Plaintiff, | : |
| V. | : CASE NO. 3:04-CV-736 (RNC) |
| SUMMIT ELECTRIC SUPPLY, INC., | : |
| Defendant. | : |

RULING AND ORDER

Plaintiff SE Technologies, Inc. ("SE") seeks a judgment declaring that its assignment of legal malpractice claims to defendant Summit Electric Supply, Inc. ("Summit") is void under New Mexico law, and that it is entitled to the proceeds of a settlement of the assigned claims.  SE assigned the claims to Summit pursuant to the terms of a stipulated judgment it entered into with Summit to settle a diversity case between the two of them in the United States District Court for the District of New Mexico.  SE previously challenged the propriety of the assignment by filing in the New Mexico District Court a motion to vacate the judgment pursuant to Federal Rule of Civil Procedure 60(b)(4) and (6), which was denied on the merits.  See SE Technologies, Inc. v. Summit Electric Supply Co., Inc., Civil No. 00-1511 LH/LFG ACE, Order Denying Motion To Vacate Judgment (D.N.M. Undated).  SE did not appeal.

The case is now before me on cross-motions for summary judgment. Summit contends that the complaint must be dismissed because this action constitutes an impermissible collateral attack on the judgment of the District Court in New Mexico. SE responds that its challenge to the validity of the assignment does not constitute a collateral attack on the judgment because the assignment was made by means of a separate document.

I agree with Summit that, in substance, SE is again seeking relief from the stipulated judgment. The terms of the judgment plainly required SE to execute and deliver the assignment and made it clear that a breach of this obligation would constitute a failure to comply with the judgment.[1] In addition, the terms of the judgment specifically state how any recovery on the assigned claims is to be applied.[2]

Since SE's complaint in this action seeks to relitigate the claim presented in its previous Rule 60(b) motion, the action is

---

[1] Paragraph seven of the amended judgment provides: "SE Technologies shall execute and deliver to Summit the Assignment of Claims as agreed by the parties. A breach by SE Technologies of its obligations thereunder shall be deemed a breach thereof." (Def.'s Local Rule 56(a)(1) Statement Ex. 4 ¶ 7.)

[2] Paragraph eight provides: "Proceeds from the recovery on any claim assigned by the Assignment of Claims referred to in Paragraph 7 shall be applied first to the cost of pursuing the claims, including reasonable attorney's fees, then to the judgment debt with any remaining balance paid one-half to Summit and one-half to SE Technologies." (Def.'s Local Rule 56(a)(1) Statement Ex. 4 ¶ 8.)

barred.  The Rule 60(b) motion afforded SE a fair opportunity to litigate its right to relief from the judgment based on the asserted impropriety of the assignment, SE lost on the merits, and it failed to appeal.  See Winfield Associates, Inc. v. Stonecipher, 429 F.2d 1087 (10th Cir. 1970)(party that unsuccessfully sought relief from judgment from district court that rendered judgment then failed to appeal could not obtain relief by independent action in another district court).[3]

Even if this action were not barred, Summit would be entitled to summary judgment because SE cannot satisfy the requirements for obtaining relief from a judgment through an independent action in equity.  "Generally, claimants seeking equitable relief through independent actions must meet three requirements.  Claimants must (1) show that they have no other available or adequate remedy; (2) demonstrate that movant's own fault, neglect, or carelessness did not create the situation for which they seek equitable relief; and (3) establish a recognized ground -- such as fraud, accident, or mistake -- for the equitable relief."  Camaniello Imports, Ltd. v. Saporiti Italias, S.p.A., 117 F.3d 655, 662 (2d Cir. 1997).

---

[3] SE correctly points out that the preclusive effect of a judgment in a diversity case is determined by applying the preclusion rules of the state whose substantive law applies, see Semtek Int'l Inc. v. Lockheed Martin Corp., 531 U.S. 497, 508-09 (2001), but cites no case suggesting that New Mexico's preclusion rules, which are consistent with the principles set forth in the Restatement (Second) of Judgments, would not prevent it from relitigating its claim seeking relief from the judgment based on the alleged impropriety of the assignment.

SE is largely responsible for creating the present situation because it negotiated, signed and submitted the stipulated judgment, and asked the court to approve it, without notifying the court of a potential issue concerning the propriety of the assignment.  Moreover, the only ground it offers for equitable relief is its prediction that, if the New Mexico Supreme Court were presented with the question, it would disapprove of an assignment of legal malpractice claims.  SE's forecast of what might happen in the future on this presently unsettled point of law provides no recognized ground for granting equitable relief invalidating the assignment required by the stipulated judgment.

III. Conclusion

Accordingly, defendant's motion for summary judgment is granted and plaintiff's motion for summary judgment is denied. The Clerk will enter a judgment dismissing the complaint with prejudice.

So ordered.

Dated at Hartford, Connecticut this 5th day of October 2005.

```
        ___\s_____
             Robert N. Chatigny
         United States District Judge
```